UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

IN RE:

CHAPTER **13**

CASE NO.:  8-19-71697

John Francis Vivenzio

*THIRD AMENDED PLAN*

DEBTOR(S).

------------------------------------------------------------X

# CHAPTER 13 PLAN

Revised 12/19/17

---

☑  Check this box if this is an amended plan.  List below the sections of the plan which have been changed:

   Adjusted 2.1 Plan Payments to enable accounting of all claims currently filed including disputed claims, minor changes to 9.1

## PART 1: NOTICES

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district.  Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable.  If you do not have an attorney, you may wish to consult one.

**To Creditors:**  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.  You should read this plan carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See  Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:**  The following matters may be of particular importance.  ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both or neither boxes are checked, the provision will  be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial  payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in  Section 3.6 | ☐ Included | ☑ Not included |
| c. | Nonstandard provisions, set out in Part 9 | ☑ Included | ☐ Not Included |

**1.2:**  The following matters are for informational purposes.

| | | | |
|---|---|---|---|
| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3 | ☐ Included | ☑ Not included |
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim | ☑ Included | ☐ Not included |

## PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN

**2.1: The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of __60__ months as follows:**

$_2552_ per month commencing 04/08/2019 through and including 03/08/2020 for a period of _12_ months; and

$_3152_ per month commencing 04/08/2020 through and including 03/08/2021 for a period of _12_ months.

☑ Continued on attached separate page(s).

### 2.2:  Income tax refunds.

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year _2018_, no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

### 2.3: Additional payments.

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of §2.3 need not be completed.*
- ☐ Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

## PART 3:  TREATMENT OF SECURED CLAIMS

### 3.1:  Maintenance of payments (including the debtor(s)'s principal residence).

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of §3.1 need not be completed.*
- ☐ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (including escrow) |
|---|---|---|---|---|
| | | ☐ | | |
| | | ☐ | | |

☐ Continued on attached separate page(s).

### 3.2: Cure of default (including the debtor(s)'s principal residence).

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of §3.2 need not be completed.*
- ❑ Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.  Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below.  In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount of Arrearage | Interest Rate (if any) |
|---|---|---|---|---|---|
| | | ❑ | | | |
| | | ❑ | | | |

❑  Continued on attached separate page(s).

### 3.3: Modification of a mortgage secured by the debtor(s)'s principal residence.
*Check one.*
- ☑ **The debtor(s) is not seeking to modify a mortgage secured by the debtor's principal residence.**
- ❑ **The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.** *Complete paragraph below.*
- ❑ If applicable, the debtor(s) will be requesting loss mitigation pursuant to General Order #582.

The mortgage due to _____(creditor name) on the property known as _____ under account number ending _____ (last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $_____, may be capitalized pursuant to a loan modification.  The new principal balance, including capitalized arrears will be $_____, and will be paid at ___% interest amortized over _____ years with an estimated monthly payment of $_____ including interest and escrow of $_____.  The estimated monthly payment shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).

### 3.4: Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.

*Check one.*

❑ **None.** *If "None" is checked, the rest of §3.4 need not be completed.*

***The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) shall file a motion to determine the value of the secured claims listed below.  Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral | Value of Collateral | Total Amount of Claim | Estimated Amount of Creditor's Secured Claim | Estimated Amount of Creditor's Unsecured Claim |
|---|---|---|---|---|---|---|
| Fannie Mae c/o Seterus | 2013 | Primary Residence | 528,000 | 444,469 | TBD | TBD |

❑ Continued on attached separate page(s).

### 3.5: Secured claims on personal property excluded from 11 U.S.C. §506.

*Check one.*

☑ **None.** *If "None" is checked, the rest of §3.5 need not be completed.*

❑ The claims listed below were either:
  - o  Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or
  - o  incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid pursuant to §3.1 and/or §3.2.  (The claims must be referenced in those sections as well.)  Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Collateral | Amount of Claim | Interest Rate |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

❑ Continued on attached separate page(s).

### 3.6: Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of §3.6 need not be completed.*

***The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.***

❑ The debtor(s) shall file a motion to avoid the following judicial liens or nonpossessory, non-purchase money security interests as the claims listed below impair exemptions to which the debtor(s) are entitled under 11 U.S.C. §522(b) or applicable state law.  See 11 U.S.C. §522(f) and Bankruptcy Rule 4003(d).  Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Attorney for Creditor | Lien Identification | Description of Collateral | Estimated Amount of Secured Claim | Interest Rate on Secured Portion, if any | Estimated Amount of Unsecured Claim |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

❑ Continued on attached separate page(s).

### 3.7: Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of §3.7 need not be completed.*
❑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim.  The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated.  Any timely filed allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

❑ Continued on attached separate page(s).

## PART 4:  TREATMENT OF FEES AND PRIORITY CLAIMS

### 4.1:  General.

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

### 4.2:  Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3: Attorney's fees.

The balance of the fees owed to the attorney for the debtor(s) is $_____n_____.

### 4.4:  Priority claims other than attorney's fees and those treated in §4.5.

*Check One.*
- ☑ **None.** *If "None" is checked, the rest of §4.4 need not be completed.*
- ☐ The debtor(s) intend to pay the following priority claims through the plan:

| Name of Creditor | Estimated Claim Amount |
|---|---|
|  |  |
|  |  |

- ☐ Continued on attached separate page(s).

### 4.5:  Domestic support obligations.

*Check One.*
- ☑ **None.** *If "None" is checked, the rest of §4.5 need not be completed.*
- ☐ The debtor(s) has a domestic support obligation and is current with this obligation. *Complete table below; do not fill in arrears amount.*
- ☐ The debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. *Complete table below.*

| Name of Recipient | Date of Order | Name of Court | Monthly DSO Payment | Amount of Arrears to be Paid through Plan, If Any |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

## PART 5:  TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

- ❏ Not less than the sum of $_____ .
- ☑ Not less than ___100___% of the total amount of these claims.
- ❏ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

## PART 6:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1:  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of §6.1 need not be completed.*
- ❏ **Assumed items.** Current installment payments will be paid directly by the debtor(s) as specified below, subject to any contrary court order or rule.  Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Description of Leased Property or Executory Contract | Current Installment Payment by Debtor | Amount of Arrearage to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

## PART 7:  VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8:  POST-PETITION OBLIGATIONS

**8.1:** Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan.

**8.2:** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9:  NONSTANDARD PLAN PROVISIONS

### 9.1:  Check "None" or list nonstandard plan provisions.

❑  **None.**  *If "None" is checked, the rest of §9.1 need not be completed.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the form plan or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "included" in §1.1(c).***

_____

_____*[ SEE 9.1 ATTACHMENT ]*_____

_____

_____

_____


## PART 10:  CERTIFICATION AND SIGNATURE(S):

**10.1:**  I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

_____                    _____
Signature of Debtor 1                                          Signature of Debtor 2

Dated: **3 JUL 19**                                            Dated: _____


_____
Signature of Attorney for Debtor(s)

Dated: _____

# CHAPTER 13 PLAN PAYMENT DETAIL

| DATE START | DATE THRU | PAYMENTS | AMOUNT | TOTAL |
|---|---|---|---|---|
| 4/8/2019 | 3/8/2020 | 12 | 2552 | 30624 |
| 4/8/2020 | 9/8/2021 | 18 | 3152 | 56736 |
| 10/8/2021 | 3/8/2022 | 6 | 10202 | 61212 |
| 4/8/2022 | 3/8/2024 | 24 | 22852 | 548448 |
|  |  | 60 | **PLAN TOTAL** | 697020 |

a.  Plan total includes claim amounts of $624,368.59 which includes amounts that are disputed, as well as additional allowances for administrative expenses and fees of $52,292.92 over five years, and an additional $20,358.49 for any other possible claims.

b.  Income for the step increases in these years will come from:

2020:
      a. Increase in business income from contract negotiation [+300]
      b. Daughter home from college working part time [+300]

2021:
      a. New business starting sales of B2B software [+2500]
      b. Wife with Master's Degree in Education employment as teacher [+3250]
      c. Daughter full time employment [+950]
      d. Son full time employment [+950]

2022-2024:
      a. Business sales, business expansion, and SAS software online [+12000]
      b. Contributions of 6 other earners in household [ (+950 x 5) + 3750 ]
      c. Resolution of litigation and reduction or elimination of disputed claims
      d. Financing of properties, total estimated equity ~690000
      e. Using "buy out" financing after 24+ months of on-time payments to trustee

## PART 9.1: NONSTANDARD PROVISIONS

*1. With regard to creditor, 2.1 Fannie Mae c/o Seterus, Inc., its successors and assigns:*

(a) Balance on claimed refinance non-purchase money obligation, if any, that is found to be based on a valid lien and a valid and timely Proof Of Claim, both subject to further and full adjudication in this Court and other Courts, whether subsequent to confirmation or now pending, will be determined at the time of the 60th or last payment made to the Trustee under this Plan, if not already satisfied, and without creating, conveying, or sustaining any rights or further obligation not already existing prior to confirmation of this plan.

(b) Funds for this purpose can come from any funds remaining in the Trustee's account, in addition to further financing on the property if necessary, in an amount to be determined at that time.

(c) After confirmation of the Plan and during its pendency, Real Estate Taxes and Insurance will be paid by Debtor, directly or through the Plan, and adequate protection is acknowledged to exist based on the provisions of this Plan, estimated recoupment or setoff from completion of ongoing litigation including that described below, as well as equity cushion in subject property.

(d) Litigation is now currently pending in the New York State Supreme Court, Appellate Division, Second Department, as timely appeals as of right from State court action index #13-5818, with the following appellate docket numbers:

| DATE TAKEN | APPEAL FROM | DATE FROM | ENTERED | DOCKET # |
|---|---|---|---|---|
| 2017-06-30 | Judgment of Foreclosure | 2016-11-02 | 2017-06-07 | *2017-07565* |
| 2018-12-18 | Order Denying OSC | 2018-08-09 | 2018-12-27 | *2019-00256* |
| 2018-12-18 | Order Denying Cross-Motion | 2016-10-18 | UNENTERED | *2019-00476* |
| 2019-03-05 | Default Judgment | 2015-10-23 | UNENTERED | *2019-03214* |

The details of each of these appeals has been provided to the Trustee. This litigation is in addition to imminent filing(s) in this Court, New York State Supreme Court, and United States District Court, Eastern Division, commencing within the next 60 days.

(e) The status, class, amount, and validity of this claim, as well as the consumer loan refinance non-purchase money transaction upon which this claim is based, along with any associated liens, were and are disputed, and are subject to recoupment, setoff and recision in pending and imminent litigation actions, claims, counterclaims, and equitable remedies, including those listed in Schedule A/B, and including breach of

contract, palpable intrinsic and extrinsic fraud, negligent misrepresentation, and violations of RESPA, REG X, REG Z, TILA, FDCPA, FCRA, FTC law, State law, and associated attorney malpractice. Debtor anticipates remaining claim, if any, to be a greatly reduced secured or unsecured claim, from the application of recoupment, setoff and further adjudication.

*2. With regard to any claims, further actions, and post-confirmation provisions:*

(a) Debtor reserves the right to contest the value and validity of any claim in an adversary proceeding filed in this bankruptcy, which shall be adjudicated by this Court, and confirmation of this plan shall not preclude the Debtor from filing any objection to a creditor's proof of claim, avoiding a transfer, or initiating any other action, contested matter, or adversary proceeding after the plan is confirmed.

(b) Confirmation of this plan shall not be deemed a judgment of any cause of action the Debtor may have, regardless of whether or not it is property of the estate or not administered or not adjudicated during this chapter 13 case, and shall not preclude the Debtor, Trustee, or party in interest, from pursuing any such cause of action against any creditor, either during or after the conclusion of this case, regardless of whether they have filed a proof of claim in this case, and even if no objection to a creditor's proof of claim has been filed.

(c) Creditors holding secured claims shall retain their liens only to the extent of their allowed remaining secured claims. To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced. Once an allowed secured claim has been paid in full and the Debtor receives a discharge, or the full underlying debt is paid, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records. Failure to object to the plan constitutes acceptance of this plan.

(d) Once all claims have been paid within the Plan, or no valid outstanding liens remain, upon notice to the Trustee and within 30 days, the Plan will terminate and the case will be discharged, or after Debtor's notice and request to Trustee to terminate the Plan with 30 days notice, any balance remaining in the Trustee's account shall be returned to Debtor less any remaining administrative expense.

(e) If Plan is deemed to be or becomes unfeasible in current form because of calculated payment amounts or time within which to make them, or for any other reason, Debtor reserves the right amend the Plan or to convert case to Chapter 11 within 30 days of any notice of that determination.