UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:

JOHN F. VIVENZIO,

Debtor(s)

**CHAPTER 13**

Case 8-19-71697-ast

TO THE HONORABLE ALAN S. TRUST
UNITED STATES BANKRUPTCY JUDGE:

**MEMORANDUM OF LAW, AFFIDAVIT IN SUPPORT OF DEBTOR'S 'OBJECTION TO MOTION FOR RELIEF FROM STAY' [#43] AND IN OPPOSITION TO 'AFFIDAVIT OF POSSESSION' [#44], UPON DEBTOR'S MOTION TO STRIKE**

The above-named Debtor hereby responds and respectfully objects to the admission of the *Affidavit Of Possession* [doc.#44] ("Affidavit") filed in this case on May 11, 2020 by Selene Finance, LP, by and through its counsel, as it is not in accordance with Federal Rules of Evidence, fails to meet State court evidentiary requirements to evince the facts it purports to be true which are wholly unsupported by the record before this Court, has not been made by a party-in-interest as defined in 18 U.S.C. §1109 but by a third-party, and is *untimely* not being filed within the time period given in a bench direction of fourteen (14) days.

In addition, service of this same Affidavit was *improper*, being mailed outside the State of New York, *see Exhibit A* (attached), by a different party and by a different method than stated, delaying delivery, and in direct contravention of the facts duly sworn to be true in the *Affirmation of Service*, made by Richard Postiglione of Friedman Vartolo, LLP.

Notwithstanding that Affidavit was improperly served, was made by a third party, is untimely, cannot be admitted as it is in violation of both Federal and

State court rules of evidence, and in further response and support of Debtor's *'Objection To Motion For Relief From Stay'* [#43], and upon Debtor's *'Motion to Strike'* said Affidavit [#44], Debtor respectfully shows the Court as follows:

## STATEMENT OF FACTS

1. Debtor commenced this case by filing Chapter 13 petition on March 8, 2019.
2. At the hearing on *Motion For Relief From Stay* [#42] held on on April 16, 2020, the Hon. Alan S. Trust gave a bench direction to movant's counsel to file a sworn affidavit within 14 days that proves that the alleged Secured Creditor is in possession of the note to demonstrate, *inter alia,* that it was a party-in-interest and had standing to make the Motion being heard.
3. Debtor, prior to that hearing had filed a *Third Amended Plan*, which remains without objection and confirmation of which is pending, and an *Objection to Proof of Claim #5*, pertaining to creditor-movant, which was then opposed by an *untimely* filing made by same movant being submitted beyond the time and date of presentment where *Proof Of Claim #5* and the corresponding *Objection* being unopposed at that time, should have already been disallowed and disposed.
4. A summary of the written record before this Court verified by filings made by Movant with this Court, as well as with corresponding County Clerk records, along with facts alleged by affiant in Affidavit in *italics*, shows that:

| Date | Event / Source | Assignor \| By | Assignee |
|---|---|---|---|
| *2014-06-11* | *Affidavit of Genevieve Jacobs [2020-05-?]* | *CitiMortgage, Inc.* | *MERS as Nominee* |
| 2017-12-05 | Affidavit of Jerry Higgs [2018-03-07] | Wells Fargo, NA, In Possession Of Note | |
| *2017-12-15* | *Affidavit of Genevieve Jacobs [2020-05-?]* | *Community Loan Fund Of New Jersey, Inc.* | *NJCC-NYS Community Restoration Fund, LLC* |
| 2018-04-17 | Assignment Of Mortgage [RECORDED] | Fannie Mae, Seterus as Servicer | Community Loan Fund Of New Jersey, Inc. |
| 2019-03-08 | Bankruptcy Case Commenced | | |
| 2019-04-30 | Assignment Of Mortgage [RECORDED] | Community Loan Fund Of New Jersey | NJCC-NYS Community Restoration Fund, LLC |
| 2019-05-20 | Proof Of Claim | NJCC-NYS Community Restoration Fund, LLC | |

**MOVANT NOT A PARTY-IN-INTEREST, AFFIANT IS A THIRD PARTY**

5. Selene Finance, LP, is a third-party, specifically a debt collector under State law, has no privity of contract with the debt being claimed, is not the creditor of record, is not the creditor in the claim, is not a party-in-interest as defined under 11 U.S.C. §1109, and has no standing to appear or be heard on any issue.

**AFFIANT ADMITS NO EVIDENCE EVINCING FACTS BEING ATTESTED TO AND AFFIDAVIT IS HEARSAY**

6. Notwithstanding that Genevieve Jacobs of Selene Finance, LP, ("Affiant"), is a third-party witness without any right to appear or be heard, and is further without any personal knowledge of the facts being attested to, in ¶1 of Affidavit, the affiant is attempting to admit her statements using the business record exception to the hearsay rule, but then provides no written evidence evincing the facts alleged as required under CPLR 4518(a).

7. Under Federal Rules of Evidence, *inter alia,* FRE Rule 302, *"State law governs the effect of a presumption regarding a claim or defense for which State law supplies the rule of decision"* and FRE Rule 601, *"State law governs the witness' competency regarding a claim or defense for which State law supplies the rule of decision".*

8. In Bank of New York Mellon v Gordon, 171 AD3d 197, 205-06 [2d Dept 2019] the Second Department discusses this in detail:

> "…the business record exception to the hearsay rule applies to a "writing or record" (CPLR 4518 [a]). Although "[t]he foundation for admission of a business record usually is provided by the testimony of the custodian, the author or some other witness familiar with the practices and procedures of the particular business" (Jerome Prince, Richardson on Evidence § 8-306 [Farrell 11th ed 1995]), it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (*see generally Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y.*, 133 AD3d 631, 632-633 [2015]; 35 Carmody-Wait 2d § 194:94 [2019]; *cf.* 9 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 4518.20). Accordingly, "[e]vidence of the contents of

business records is *admissible only where the records themselves are introduced*" (35 Carmody-Wait 2d § 194:94 [2019]; *see People v Barnes*, 177 AD2d 989 [1991]; *see also People v Olivero*, 27 Misc 3d 1218[A], 2010 NY Slip Op 50794[U] [Crim Ct, NY County 2010]; *People v Ross*, 12 Misc 3d 755, 764 [Crim Ct, Kings County 2006]). "*Without their introduction, a witness's testimony as to the contents of the records is inadmissible hearsay*" (35 Carmody-Wait 2d § 194:94 [2019]; *see U.S. Bank N.A. v 22 S. Madison, LLC*, 170 AD3d 772, 774 [2d Dept 2019]; *People v Barnes*, 177 AD2d 989 [1991])."

9. Affiant makes duly sworn statements in the filed *Affidavit Of Possession*, state without any corroborating attachments and without any explanation as to the source of the information:

    (a) in ¶4, in direct contravention to the written record before this Court, without foundation, supporting statements, or attachments whatsoever, "a Mortgage executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for CitiMortgage, Inc., June 11, 2004."

    (b) in ¶5, in direct contravention to the written record before this Court, without foundation, description of delivery, any supporting statements, or attachments whatsoever, "[o]n December 15, 2017 the original note was transferred from Community Loan Fund of New Jersey, Inc. to NJCC-NYS Community Restoration Fund LLC."

    (c) in ¶6, in direct contravention to the written record before this Court, without foundation, any supporting statements, or attachments whatsoever, "[a]t all times since the receipt of the Note on December 15, 2017, Secured Creditor has maintained the original note and recorded mortgage with its custodian, U.S. Bank National Association, at 1133 Rankin Street, Suite 100, St. Paul, MN 55116".

10. Affiant is not the custodian of these records; Note indorsed in blank requires physical delivery; no details of the actual delivery of the Note are given and any assignments would, by Affiant's statements, be invalid.

11. By not attaching or supplying copies of business records relied upon to make these statements, stating how Affiant has access to the systems of other parties, stating the sources and methods used to view or verify these facts, how the information obtained was created and integrated, and stating the location of the systems used to obtain them, these statements are inadmissible as hearsay and the given attachments are without foundation.
12. Under FRE Rule 106, *"if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part or any other writing or recorded statement that in fairness out to be considered at the same time."*
13. Affiant did not perform these transfers, did not deliver the mortgage to MERS, has no personal knowledge of these events, is not the Creditor, and does not attach any records evincing the claims made, even though both the Debtor and the Court have requested them. The attaching of the same document already provided does not meet these further requests, is not a certified copy within the meaning of FRE Rule 902(4), are not evidence of legal 'possession', and do not meet requirements of exceptions to hearsay under FRE Rules 803(5), 803(6), for a Note allegedly indorsed in blank.
14. Affiant's statements are also *self-contradicting* under the very same fact pattern given: ¶6 is in conflict with ¶4, which indicates the Mortgage has been executed and delivered to MERS as nominee for CitiMortgage, separating the Note and the Mortgage; how can the recorded Mortgage be in two places at once, both with MERS and with the custodian?
15. All of these entities, CitiMortgage, U.S. Bank National Association, NJCC-NYS Community Restoration Fund, LLC, Community Loan Fund of New Jersey, Inc., must have record keeping systems, yet no presentation or copies of any of these records are provided evincing the facts in the statements, which are also in direct contravention of the record before this Court.

16. Affidavit contains unsupported statements, hearsay, statements in direct contravention of the written record before the Court, and contains nothing relevant to matter in question; the Affidavit violates Federal Rules of Evidence as well as State court rules of evidence and should be stricken from the record.

**AFFIANT'S STATEMENTS ARE IN DIRECT CONTRAVENTION OF THE RECORD BEFORE THE COURT**

17. The facts and record before the Court shows that :

(a) the recorded Assignment Of Mortgage, April 17, 2018, from Fannie Mae, with Seterus as its servicer, to Community Load Fund of New Jersey, is in direct contravention of Affiant's statements as, *inter alia,* assignee would not have capacity to make assignment;

(b) the recorded Assignment Of Mortgage, April 30, 2019, *after the commencement of this bankruptcy case*, from Community Loan Fund of New Jersey, to NJCC-NYS Community Restoration Fund, LLC, is in direct contravention of affiant's statements as, *inter alia,* assignee would not have capacity to make assignment and the assignment would have served no purpose;

(c) Movant's filing on April 11, 2019, [#19] states that "Secured Creditor" is **NJCC-NYS CRF REO Subsidiary LLC**, without explanation; either that is in error and is an invalid filing or there is a further assignment in conflict with Affiant's statements;

(d) *see Exhibit B* (attached), a copy of the Note included in the original State court Complaint shows that there is no indorsement to MERS, or to any other party for that matter, in direct contravention of Affiant's statements. In addition there is no 'ORIGINAL' stamped on the Note, which would have had to have been applied at a later time;

(e) no further facts are given proving the Affiant's statements of the validity of the alleged indorsement in blank;

(f) further, the plaintiffs in the State court actions were CitiMortgage and Federal National Mortgage Association. Accordingly, if the mortgage was assigned to MERS with CitiMortgage, Inc. as Nominee, on June 11, 2004, then, without further support, *inter alia,* the standing of these plaintiffs in the actions in State court is also called into question;

(g) in addition, the Note has a co-maker which is apparent from any actual examination of the records, yet which is not mentioned whatsoever in the Affidavit;

(h) and notably absent, Selene Finance, LP, has not been shown to be a party-in-interest, and has no privity to any of the previous contracts, actions, or claims.

18. Other than facts that can be made by direct observation of the attached documents, the same documents already previously produced, there are no other details given by Affiant in the affidavit, no attachments of the business records evincing the facts, and no support given to indicate the actual disposition of the Note.

19. In addition, Affiant's statements are clearly and demonstrably inconsistent with the record before the Court.

20. It strains credulity to believe that any of Affiants statements were made by reviewing any business records whatsoever; affidavit is inadmissible and should be stricken from the record.

**<u>COPY OF NOTE PROVIDED EVIDENCES DEFACEMENT THAT IS UNDESCRIBED BY AFFIANT AND IS INADMISSIBLE</u>**

21. The copy of the Note attached has what appears to be an oddly shaped sticker or raised cutout containing the incorrectly worded statement "I

hereby certify that this is true and correct copy of the original instrument", missing the 'a' before true, dated 5-4-20 apparently signed by someone who appears to be 'H Steels' with no further identification, title, or description.




(a) No reference to an 'H. Steels', nor specifically to this copy of the Note with stamp allegedly made eight-days prior to the date of the Affidavit, is made by Affiant.

(b) No explanation is given as to how a copy of the Note allegedly held in St. Paul, Minnesota, can be made and stated "is true and correct copy" by an Affiant in Jacksonville, Florida.

(c) Since this artificial cutout would not appear on the original Note, and the full length-of-page vertical line apparent on the right side of each page in the copy must have been made as an artifact by a copy machine as it is clearly over the cutout with this writing and appears no where else in the filing, it would then have to be questioned how this copy was produced; and if this is a copy that was produced, why not stamp directly on the paper as opposed to going through the trouble of defacing it by adding something not part of the prior document, where insertion could have been cutout from another document and added by anyone at any time.

(d) The attached Note does not meet the requirements of a certified copy within the meaning of FRE Rule 902(4), which would also require the person making that statement affixed to the Note to have personal knowledge of the copy being attached and how made, be identified by a notary, and make any statements about the copy under oath.

22. The copy of the Note given and attached as Movant's Exhibit 'A' is clearly altered and defaced, cannot be a representation the original, not a certified copy, and is inadmissible as proof of possession.

**NOTARIZATION INVALID, AFFIANT IS NOT IDENTIFIED TO NOTARY, NO CERTIFICATE OF CONFORMITY**

23. The notarization is incomplete, contains anomalies, and does not meet Federal and State requirements for proper notarization of Affidavit.
24. In the jurat of the Affidavit, it does not appear that the notary identified the affiant making the affidavit, and it does not state "personally known or identified to me" along with the identification method used for the affiant and further does not attach a Certificate of Conformity in accordance with CPLR 2309(c) and RPL 299-a, as required under State law.
25. The notarization section also contains notable anomalies which should not be present in an original document:
    1. the actual date Affiant signed is unclear and appears to be altered or corrected in some manner on the affidavit with the '2' over the '1'.
    2. anomalous artifacts contained in both date lines in these blocks, both below the '5' in the signature date and above the '5' in the notarization date, as well as a pen-line after the '[' in '[date]', could indicate alteration, deletion, or augmentation of the content,
    3. the entire signature/date block is out of line with the seven double-spaced statement paragraphs above; given the spacing of the document, there is no reason why the signature and notarization block should be jammed in at the bottom of the document, unless possibly separate sections were added or merged into the document at a later date.

reads "Janet L. Sims, Vice President, Citi
recourse "Pay to the Order of ______".
Dated: 5/12/20
Jacksonville, FL

Subscribed and sworn to before
5-12-20 [date

26. Affidavit is improperly notarized and is inadmissible.

**CREDITOR NOT A HOLDER-IN-DUE-COURSE AND SUBJECT TO REAL AND PERSONAL DEFENSES OF DEBTOR**

27. Further, any claim to possession of the already accelerated Note, taken by a holder that knew or should have known that the underlying Note was accelerated, reduced to judgment, and subject to the further adjudication of the suit and appeal on record, cannot be a holder-in-due-course as defined under UCC, and is subject to any real and personal defenses that Debtor may raise, *inter alia,* fraud, breach of contract, failure of a condition subsequent and proper crediting of payments, waiver of further payment, dispute of non-delivery, and statute of limitations.

28. If there are any rights the holder has to payment under the terms, the underlying claim is also not immune from any defenses and counterclaims that maker has, inter alia, defenses of: breach of contract, acceleration of terms, waiver of demand for payments under the terms, fraud, and statute of limitations.

29. Creditor-Claimant is a debt collector, not at risk for any amount, if any, of the claim it is making, the value exchanged for claim concerns principal only, and any possession of the Note on the dates stated by Affiant, where the Note was known or should have been known to have been already accelerated and where the Debtor-maker was insolvent, claimant cannot be a holder-in-due-course and has no immunity to any counterclaims Debtor-maker may have.

30. As stated in prior filings, Debtor did not default under the terms and conditions of the Note and Mortgage, and, *inter alia,* it was creditor payee that breached agreement, breached covenants of good faith, did not mitigate damages, and in doing so caused irreparable harm to Debtor who can seek damages in recoupment and setoff up to the amount of any claim.

**NO CAUSE EXISTS TO LIFT STAY**

31. Movant's case law provided in the moving papers does not apply to this case:
    1. ¶5: In re: Taylor, 151 B.R. 646,648 (Bankr. E.D.N.Y 1993), fails here because Taylor was post-confirmation, and plan made allowance for mortgage payments which he did not pay to the named creditor; here, case is pre-confirmation, plan makes no allowance or reference for mortgage payment, party has not been shown to be a party-in-interest or even a listed creditor, and any valid claim has been reduced to judgment which is accounted for in plan, and further the value of the judgment is still not ripe for a claim as it is on timely appeal of right in the Second Department.
32. Further case law provided in Movant's *Affirmation in Opposition to Objection to Claim* does not apply in this case:
    1. In ¶8 & ¶9, In re: Feinberg, 442 B.R. 215 (Bankr. S.D.N.Y. 2010), claim was found to not be prima facie evidence where, as was in this case, claimant failed to attach assignment. Later, claimant supplied *original* note and affidavits concerning amounts claimed and delivery from those *with personal knowledge of the facts*; here that has not been done.
    2. In ¶12, In re: Conde-Dedonato, 391 B.R. 247 (Bankr. E.D.N.Y. 2008), no need for written assignment where proof of Notes delivery and *claimant already stated as creditor* in schedules; here, the creditor is not listed creditor in the schedules and there is no admitted proof of possession of the Note.
    3. In ¶12, In re: Minbatiwalla, 424 B.R. 104 (Bankr. S.D.N.Y. 2010) an assignee who received delivery of Note has standing, but Debtor who has objected to claim, stated that claim is disputed in Schedules, and requested additional documentation, is entitled to receive additional

documentation or *objection should be sustained* without prejudice (where debtor scheduled similar claim and claiming party differs than that in schedules); here as in this case, Debtor is entitled to receive requested additional documentation in a properly admissible form of evidence from the proper party-in-interest, or objection should be sustained without prejudice.

4. Further, as previously stated, amounts in Creditor's *Proof Of Claim #5* remain in dispute, and history could not have been made from a proper review of the business records, *inter alia*, as it clearly omits payments made by Debtor in the time period covered, shows incorrect contract payments and invalid fees, and should not be considered a reliable source of information.

33. In none of the cases cited by Movant were statements completely unsupported by properly admitted evidence contained in a third-party affidavit accepted as proof.

34. In none of the cases cited was the movant not a proven party-in-interest.

35. Further, "Mortgage payments" are not due under the already accelerated terms of the Note and are not provided for in the plan, which disposes of the judgment and value of the claim, if any, through the payments of the plan.

36. The value of the claim, if any, is subject to result of an appeal as of right, offset, setoff, and recoupment and any real and personal defenses that Debtor raises; any party possessing the Note cannot be a holder-in-due-course.

37. The equity cushion in the subject property is sufficient to cover the value, if any, of a valid claim.

*Debtor's Request For Further Relief*

38. WHEREFORE, because of all the reasons stated above, *inter alia,* Affidavit submitted by a third-party, evinces no relevant facts corroborated by any evidence before the Court, and is inadmissible, and as well the Movant has not been shown to be a party-in-interest, Debtor respectfully requests the Affidavit be stricken from the record and that this Court deny any relief upon which it is based; and further that this Court restore the confirmation hearing to the calendar, allow the case to move forward, and for any other relief this Court deems just and proper.

DATED: Setauket, New York
May 18, 2020

John F. Vivenzio
Debtor, 8-19-71697-ast
631-974-5174

# *EXHIBIT A*

*EXHIBIT A*

***(A) Excerpt from attached Affirmation of Service indicating personally mailed in the State of New York:***

Richard Postiglione, being duly sworn, deposes and says:

I am not a party to this action, am over 18 years of age and reside in Nassau County, New York.

On May 12, 2020, I served the within Affidavit of Possession on the following parties, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each

***(B) Postage Meter Stamp and Return Address indicate improper service from mailing done in San Diego, California, where mailing location and method of service differs from Affirmation of Service statement, delaying actual delivery:***

U.S. POSTAGE PITNEY BOWES
ZIP 92123 $ 000.80[0]
02 4W
0000372564 MAY 12 2020

P.O. Box 23159
San Diego, CA 92193-3159

IMPORTANT INFORMATION
ENCLOSED



(11) 969 0024 8983 8177 9

**Mailed On:** 5/12/2020
**ClientID:** Friedman FC

**Order Number:** 0005520-01
**Reference Number:** 190645-9

John Vivenzio
153 Quaker Path
Setauket, NY 11733

# EXHIBIT B

EXHIBIT B




# NOTE

| June 11, 2004 | Huntington | New York |
|---|---|---|
| [Date] | [City] | [State] |

153 QUAKER PATH, E SETAUKET, NY 11733

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 332,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is CitiMortgage, Inc.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.375 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the First day of each month beginning on August 1, 2004. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on July 1, 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 1000 Technology Drive, O' Fallon, MO 63304 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,861.90

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.








5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 2.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.




10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date the notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during that period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.





(Seal)
Borrower

(Seal)
Borrower

*(Sign Original Only)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------X
In Re:

JOHN F. VIVENZIO,

Debtor(s)
---------------------X

**CHAPTER 13**

Case 8-19-71697-ast

**CERTIFICATE OF SERVICE**

The undersigned certifies that on 19 MAY 2020, a true and correct copy of:

"MEMORANDUM OF LAW, AFFIDAVIT, IN SUPPORT OF DEBTOR'S 'OBJECTION TO M.F.L.S.' #43, AND IN OPPOSITION TO 'AFFIDAVIT OF POSSESSION' #44 ~~UPON A MOTION TO STRIKE~~'

was served by First Class Mail, depositing same, enclosed in a properly addressed postage paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, upon:

✓ Marianne Derosa, Esq.
United States Standing Bankruptcy Trustee
100 Jericho Quad, Suite 127
Jericho, New York 11753

✓ Richard Postiglione, Esq.
Attorneys for Movant
Friedman Vartolo LLP
1325 Franklin Avenue, Suite 230
Garden City, New York 11530

DATED: 19 MAY 2020

[signature]
(signature)

JOHN VIVENZIO
631-974-5174
(print name)