UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                                            :

In re:                                                                    :         Chapter 13

John Francis Vivenzio, dba Vivenzio Associates, LLC,  :         Case No. 19-71697 (AST)
dba Intelintix Software                                       :

                                    Debtor.      :

---------------------------------------------------------------x

## ORDER SETTING EVIDENTIARY HEARING BY VIDEO CONFERENCE
## AND ESTABLISHING RELATED DEADLINES

In accordance with Eastern District of New York Administrative Order No.2020-05 re: Restrictions on Visitors to Courthouses, and in order to protect the health and safety of the public, Judge Trust is adopting the following video conference procedures, and **ORDERS** as follows:

Pending before the Court are the following matters: the feasibility of the Third Amended Chapter 13 Plan [Dkt. No. 34], the Motion Objecting to Proof of Claim #5 [Dkt. No. 35] the Chapter 13 Trustee's Motion to Dismiss [Dkt. Nos. 20, 36], and the Motion for Relief from Stay [Dkt No. 42] and responses thereto filed by various parties (the "Matters" and the "Parties").

1. **DISCOVERY**. All discovery shall be completed not later than **seven (7) days** before the evidentiary hearing. The Court will allow discovery after that date only upon a showing of good cause.

2. **MEDIATION**. Pursuant to EDNY Local Bankruptcy Rule 9019-1, the Court may order mediation *sua sponte* or upon the request of one or more Parties. The Court may determine which Parties shall participate in the mediation. If a Matter is assigned to mediation, the parties shall comply with all applicable pleading, discovery, and other deadlines and scheduling requirements.

3. **HEARING AND ALLOCATION OF TIME**. The Court will hold an evidentiary hearing on the Matter by video conference on **August 17, 2020 commencing at 9:30 a.m. (the "Hearing")** at United States Bankruptcy Court, Eastern District of New York, Courtroom 960, 290 Federal Plaza, Central Islip, New York 11722**.** Each side (Debtor and all parties who file timely pleadings in support of the Matters as one side and all parties who file timely objections to the Matters as the other) shall have thirty (30) minutes to present all evidence and arguments.

4. **<u>VIDEO CONFERENCE</u>**. The Hearing will take place on the Cisco WebEx ("WebEx") platform, which provides for full video conference capacity as well as for separate audio only capacity.  The following is the registration link for the Hearing:

   Registration link for video appearances:

   https://us-courts.webex.com/us-courts/j.php?RGID=re0f6a6ec8b2a105cd5852f2a0baa158b

   Meeting number (access code): 160 369 1732
   Meeting password: 08172020

   Monday, August 17, 2020
   9:30 a.m. | Eastern Daylight Time

   Join by phone for audio only:

   +1-206-207-1700 United States Toll (Seattle)
   +1-646-992-2010 United States Toll (New York City)

   All counsel shall register for the Hearing and conduct a pre-hearing test of the WebEx platform using the same equipment that they intend to use during the Hearing, no later than **two (2) business days** before the Hearing; this test shall not be with the Court.  In addition, all parties are to log in or dial in to the Hearing no less than **thirty (30) minutes** prior to the Hearing, and place their audio lines on mute.  Please consult your IT personnel if you have any problems registering or logging in for the Hearing. For additional help go to http://help.webex.com and see information posted on Judge Trust's procedures web page.

5. **<u>PRIOR NOTICE OF INTENT TO PARTICIPATE; LIMIT ON PARTICIPATION BY VIDEO; TELEPHONE PARTICIPATION</u>**. In addition to registering for the Hearing, all persons wishing to participate in the Hearing by video shall send an email to  ast_hearings@nyeb.uscourts.gov at least **two (2) business days** in advance of the Hearing to identify the parties that will appear. Such email shall state in the Re section the adversary and/or main case number(s) in which the party(s) shall participate, and the date of the Hearing; the body of the email shall include the full name and electronic mail address of the proposed participant(s) and the party(s) represented, and whether the party shall appear by audio only or by audio and video. The parties are directed to limit video conference participation to those who are necessary to address the Matters. If the number of persons wishing to participate in the video conference, in the Court's view, exceeds the number which would permit the efficient, stable, and reliable transmission of the Hearing by video conference, the Court may require that certain persons be permitted to participate in the Hearing

only by audio.  **Only the Parties who have timely filed papers in connection with the Matters and who timely and fully comply with this Order may upload or present documents at the Hearing and present or examine witnesses.**

6. **PUBLIC ACCESS**.    The Hearing scheduled by this Order is a public matter. Parties-in-interest and the general public are invited to listen to the Hearing by audio only in listen only mode.  Any person wishing to listen to the Hearing shall follow the instructions posted pursuant to paragraphs 5 and 7 hereof and dial in using the following numbers:

    Join by phone for audio only:

    +1-206-207-1700 United States Toll (Seattle)
    +1-646-992-2010 United States Toll (New York City)

7. **CONDUCT DURING HEARING**.  No person shall communicate with a witness during his or her testimony, except by direct examination or cross examination on the record, unless specifically authorized by the Court.

    Although conducted using video conferencing technology, the Hearing is a court proceeding.  The formalities of the courtroom shall be strictly observed. Counsel and witnesses who appear on the video shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. In the interest of public safety, counsel and witnesses are directed to refrain from participating either by audio or video while operating a vehicle. At all times when not addressing the Court, counsel and witnesses are directed to place the connection on "mute" to prevent background noise from being heard. When speaking, you must announce who you are each time before speaking, speak up and enunciate so that you can be heard and understood.  In addition, the parties are to avoid the use of a speaker phone (use a landline if possible).

    The Court reserves the right to remove from the Hearing any participant who fails to observe the formalities and decorum of the courtroom by disconnecting his or her line and/or video feed after due warning by either Judge Trust or his Courtroom Deputy. Such person will not be permitted reentry for the remainder of the Hearing.

8. **RECORDING PROHIBITED; OFFICIAL RECORD**.  No person may record the proceedings from any location by any means.  The audio recording maintained by the Court shall be the sole basis for creation of a transcript that constitutes the official record of the Hearing.

9. **REMOTE WITNESS TESTIMONY**.  In accordance with Federal Rule of Civil Procedure 43(a) (made applicable by Federal Rule of Bankruptcy Procedure 9017), for good cause and in compelling circumstances a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom.

       The Court finds that the public danger presented by the COVID-19 pandemic and the requirements of Eastern District of New York Administrative Order No. 2020-05 merits application of this rule with regard to all witnesses who may testify in this matter. Each remote witness called to testify or subject to cross-examination in this matter shall be permitted to testify by contemporaneous transmission from a different location by video conference, as provided in this Order. The Court will administer the oath to each remote witness during the video conference and witness testimony will have the same effect and be binding upon each remote witness in the same manner as if such remote witness was sworn in by the Court, in person, in open court.

10. **REQUIREMENTS FOR ALLOWANCE OF REMOTE TESTIMONY**. As additional safeguards for the allowance of remote testimony, the party sponsoring each remote witness shall file with the Court, no later than **two (2) business days** prior to the scheduled hearing, a Witness List for the Hearing containing the following information for each potential remote witness (including any potential rebuttal witness):

    A. Her or his name and title (if applicable).

    B. Subject matter(s) on which the remote witness will provide testimony.

    C. The city, state and country where the remote witness will be located while testifying.

    D. The type of place from which the remote witness will testify, such as a home or an office. No addresses are required.

    E. Whether anyone will be in the room with the remote witness during the testimony and, if so, for each such person, the person's name, title, relationship to the remote witness, and the purpose for being present with the witness.

    F. Whether the remote witness will have access to any documents other than exhibits that have been provided to the Court and the parties and, if so, identifying each such document.

11. **RESPONSIBILITY FOR REMOTE WITNESSES**. The party sponsoring each remote witness shall be responsible for ensuring that the remote witness has obtained the password-protected link to the video conference, has obtained all exhibits prior to the Hearing, has registered via the Cisco WebEx link provided for the Hearing, and has equipment and internet service sufficient to permit participation in the Hearing.

12. **DIRECT TESTIMONY BY AFFIDAVIT.**

    The parties shall submit any direct testimony from themselves and any witness under their control (including experts) by Affidavit signed by the witness(es). Affidavits shall be filed with the Court no later than **four (4) business days** prior to the Hearing; copies of the filed Affidavits shall be served upon the opposing party (or parties) by facsimile, electronic mail, or first class mail simultaneously with the filing of same with the Court. Any witness for whom an Affidavit of direct testimony has been filed must appear at the Hearing for cross-examination consistent with this Order.

    Any objection(s) to any portion of a witness affidavit, including evidentiary objections, shall be filed no later than **two (2) business days** prior to the Hearing.

    Nothing contained herein, however, shall limit the applicability of Rule 7032 of the Federal Rules of Bankruptcy Procedure.

13. **EXCHANGE OF EXHIBITS AND WITNESS LISTS**.

    A. Each party shall deliver to each opposing party (but Not file with the Court), so as to be received no later than **four (4) business days** prior to the Hearing, the following documents:

    (1) A set of pre-marked exhibits (including summaries and affidavits) intended to be offered as evidence at the Hearing. Exhibits tendered by movant(s) shall be marked numerically, and exhibits tendered by respondent(s) shall be marked alphabetically. If exhibits tendered by respondent(s) exceed twenty-six (26) in number, they shall be labelled A-1 through Z-1, then A-2 through Z-2, and so forth. Custody exhibits shall conform to EDNY Local Bankruptcy Rule 9070-1.

    (2) With regard to any summary the party will offer in evidence at the evidentiary hearing, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

    (3) A list showing the name and, if not previously provided, the address and telephone number of each witness that the party may call at the Hearing.

    B. Unless otherwise ordered, each party shall file and deliver, so as to be received no later than **two (2) business days** prior to the Hearing, any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary. The objection must (i) identify the exhibit, (ii) briefly state the grounds for the

>> objection, and (iii) provide citations to case law and other authority in support of the objection.  <u>An objection not so made - except for one under Federal Rule of Evidence 402 or 403 - is waived unless excused by the Court for good cause.</u>
>
> C. No later than **two (2) business days** prior to the Hearing, the Parties shall file a joint list of witnesses, exhibits and a stipulation of uncontested facts, signed by Counsel for all Parties.  The failure of counsel to prepare and submit the stipulation may result in sanctions.

14. **SUBMISSION OF EXHIBITS TO THE COURT**.

   > A. No later than **two (2) business days** prior to the Hearing, each party shall provide to the Court a complete set of the exhibits provided to opposing counsel pursuant to paragraph 13, above.  The Court's sets of exhibits shall be sent via email by each party to ast_hearings@nyeb.uscourts.gov, and the email transmission shall in the Re line include: Exhibits submitted by [party] for Hearing on [date] in case [name and number].  The exhibits so delivered shall constitute the official exhibits in this matter.
   >
   > B. **Each party shall create a single, <u>searchable</u>, non-password protected PDF document labeled with the name of the submitting party, with each exhibit labeled with the exhibit number or letter as required by this Order; each exhibit must be accessible by a master exhibit list at the front of or as a side tab of the PDF document older. Each combined PDF document shall not exceed 50MB in size.**

15. **COMPLIANCE WITH RULE 9037**.  All papers submitted to the Court, including exhibits, must comply with Bankruptcy Rule 9037.

16. **FINAL ARGUMENT**.  At the conclusion of the evidentiary hearing, in lieu of final argument, the Court may request that each party file a proposed memorandum opinion with findings of fact and conclusions of law.

17. **SETTLEMENT**.  If the Matters are settled, the parties shall submit to the Court a stipulation approved by all parties and a motion for approval of the same no less than **two (2) business days** prior to the date of the Hearing, along with an email to ast_hearings@nyeb.uscourts.gov, notifying the Court of the proposed settlement.  **If a stipulation and motion are not timely submitted to the Court, all parties shall be prepared to proceed with the evidentiary hearing.**  If the contested matter is removed from the calendar based upon the announcement of a settlement, the contested matter will not be reset for hearing if the parties fail to consummate the settlement.  In such event, the Court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the Court did not approve the settlement, in which case the matter will be reset for hearing at a later date.

18. **SANCTIONS**.  Failure to appear at the Hearing or to comply with any provision of this Order may result in appropriate sanctions in accordance with Bankruptcy Rules 1001, 7016, 7037 and 9014, including the award of attorney's fees, striking of papers, exclusion of exhibits or witnesses, or the granting or denial of any of the Matters.

19. **CONTINUANCES**.  Continuances of the Hearing or any deadlines set forth in this Order must be requested by written motion.  Any request for continuance or amendment to this order shall set forth the status of discovery and shall state the reasons why the party or parties seek a continuance.

20. **SERVICE:** Selene Finance, LP as servicer for NJCC-NYS Community Restoration Fund LLC **("**Lender"**)** shall serve a copy of this Order on all appropriate parties within **two (2) business days** following entry of this Order, and file a certificate of service thereof within **two (2) business days** thereafter, as required by this Court's Local Rules.



**Dated: July 28, 2020**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**