UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 13
                                                               :
John Francis Vivenzio, dba Vivenzio Associates,                :
LLC, dba Intelintix Software                                   :   Case No. 19-71697 (AST)
                                                               :
                                                               :
                          Debtor.                              :
                                                               :
---------------------------------------------------------------x

## ORDER DENYING MOTIONS TO RECONSIDER

*General Background*

On March 8, 2019, Debtor filed a petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code"). At the time of filing this bankruptcy, Debtor had been involved with substantial pre-petition foreclosure litigation with the secured creditor asserting a lien against his residence.

On March 22, 2019, Debtor filed a proposed Chapter 13 Plan (the "Plan"). [Dkt. No. 15]

On April 12, 2019, the Chapter 13 Trustee (the "Trustee") filed a Motion to Dismiss the case (the "MTD") for, among other things, Debtor's failure to submit timely Plan payments and the Plan not being adequately funded to provide for full repayment to all secured creditors as required by 11 U.S.C. § 1325(a)(5) and (6) respectively. [Dkt No. 20]

On June 13, 2019, the Court held a hearing on the MTD, granted dismissal of the case and directed the Trustee to settle a dismissal order on twenty-one (21) days' notice.

On July 3, 2019, Debtor filed a Third Amended Chapter 13 Plan (the "4th Plan"). [Dkt. No. 34] This 4th Plan provided, *inter alia*, that Debtor would make payments starting at $2,522 per month and rising to $22,852 per month.

1

On July 3, 2019, Debtor filed a Motion Objecting to Proof of Claim #5, being the claim filed by Selene Finance, LP as servicer for NJCC NYS Community Restoration Fund LLC ("Selene"), which asserted a claim secured by Debtor's residence (the "Claim Objection"). [Dkt. No. 35]

On July 8, 2019, the Trustee filed a Notice of Settlement of the Proposed Dismissal Order (the "Settled Dismissal Order"). [Dkt No. 36]

On July 17, 2019, Debtor filed an Objection to the Settled Dismissal Order. [Dkt No. 39]

On August 19, 2019, Selene filed an Affirmation in Opposition to the Claim Objection. [Dkt No. 40]

On August 29, 2019, Debtor filed an Affidavit in Support of the Claim Objection and in Response to Selene's Opposition. [Dkt No. 41]

On August 29, 2019, the Court held a hearing on the Claim Objection and determined that, aside from the numerous issues raised by Debtor which either had been or could be litigated in the state court foreclosure action, it would hold a hearing to determine whether the 4th Plan was feasible, given the projected nearly tenfold increase in play payments from \$2,522 per month to \$22,852 per month; if the 4th Plan was not feasible, all other issues raised by Debtor were moot; if it was, the Court could then turn to Debtor's other objections. Unfortunately, delays in issuing the scheduling order occurred.

On February 24, 2020, Selene filed the Motion for Relief from Stay (the "Stay Relief Motion"). [Dkt No. 42]

On March 12, 2020, Debtor filed an Objection to the Stay Relief Motion. [Dkt No. 43]

On April 16, 2020, the Court held a hearing on the Stay Relief Motion and marked the Stay Relief Motion as Submitted.

On May 12, 2020, Selene filed an Affidavit of Possession of the Note in connection with the Stay Relief Motion. [Dkt No. 44]

On May 19, 2020, Debtor filed a Memorandum of Law in Support of his Objection to the Stay Relief Motion. [Dkt No. 46]

On July 28, 2020, the Court entered an Order scheduling a video conference evidentiary hearing for August 17, 2020 (the "Scheduling Order" and the "Hearing") on the feasibility of the Plan, the Claim Objection, the MTD, the Settled Dismissal Order, and the Stay Relief Motion, and setting related deadlines. [Dkt No. 48] The Scheduling Order directed Selene to serve a copy of the order on Debtor within two (2) business days following entry of the order, and file a certificate of service thereof within two (2) business days thereafter, as required by this Court's Local Rules.

On July 30, 2020, Selene filed an Affidavit of Service of the Order Scheduling the Hearing. [Dkt No. 49] The Affidavit of Service attested to serving the Order Scheduling the Hearing upon Debtor on July 30, 2020 at his primary residence of record via USPS First Class Mail.

On August 17, 2020, the Court held the Hearing.

The Court expressed similar concerns at the Hearing, as it had at prior hearings, with Debtor projecting that he would enjoy such an incredible increase in income as to be able to increase his Plan payments from $2,522 per month to $22,852 per month, and had provided him ample opportunity to prove his ability to make these payments. However, Debtor failed to submit any evidence, whether documentary exhibits or witnesses testimony, demonstrating any ability to make these payments. Debtor relied on pleadings, which are not evidence. At the conclusion of the Hearing, the Court again granted the Motion to Dismiss because, among other things, Debtor failed to demonstrate that the 4th Plan was feasible and otherwise satisfied the requirements of 11

U.S.C. § 1325(a). For that reason, confirmation of the 4th Plan, the Claim Objection and the Stay Relief Motion were all moot.

On August 17, 2020, the Court entered text orders on the official CM/ECF case record marking off the Claim Objection, confirmation of the 4th Plan, and the Stay Relief Motion Matters as moot (the "three text orders").

On August 25, 2020, the Court entered an Order Dismissing the Case (the "Dismissal Order"). [Dkt No. 57]

On September 3, 2020, Debtor filed a Motion to Reconsider the Dismissal Order. [Dkt No. 59][1]

On September 4, 2020, Debtor filed a Motion to Reconsider the three text orders. [Dkt No. 60]

On September 8, 2020, Debtor filed a Notice of Appeal of the Dismissal Order and the three text orders. [Dkt No. 63]

On September 17, 2020, Debtor filed a Letter requesting clarification of the scheduling of the appeal in relation to the ruling on the Motions to Reconsider. [Dkt No. 69]

The Court now renders its ruling on the Motions to Reconsider.

*Legal Analysis*

The Motions to Reconsider should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). Motions to Reconsider are properly considered under FRCP 59,

---

[1] Because Debtor did not move for a new evidentiary hearing, this Court need not and does not consider any new and/or additional evidence attached to the Motions to Reconsider, and relied only on the evidence that was submitted to the Court in advance of the Hearing. *See* Fed. R. Civ. P. 59(a), as incorporated by Fed. R. Bankr. P. 9023. Debtor has also not articulated a basis for nor specifically sought relief under FRCP 60, as incorporated by Bankruptcy Rule 9024.

which is incorporated into bankruptcy proceedings by Bankruptcy Rule 9023. *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (BANKR. S.D.N.Y. 1996). Accordingly, the Court will deem the Motions to Reconsider to be one under FRCP 59(e) and Bankruptcy Rule 9023.

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under FRCP 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769.

In the Motions to Reconsider, Debtor pointed to no facts or case law which were overlooked by this Court in rendering its decision in connection with any of the matters heard before the Court on August 17, 2020. Rather, the Motions to Reconsider seem to request a "do-over" and/or modify the Dismissal Order in a non-material way. Debtor has not provided this Court with any analysis or case law that warrants any of the relief requested in the Motions. To the extent that he complains of a lack of notice, Debtor both asserts that he had inadequate time to prepare

5

for the Hearing and that he provided the Trustee with the information that would have supported his claims of substantial increases in income, yet, again, Debtor failed to provide those exhibits to the Court and the parties as required by the Scheduling Order.

Finally, Debtor provides no plausible theory as to why the text orders are not moot in light of dismissal of the case.

For the foregoing reasons, the Motions to Reconsider should be denied.

Accordingly, it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 9023, which incorporates FRCP 59, the Motions to Reconsider are **DENIED**; and it is further

**ORDERED**, that the Clerk of Court shall serve a copy of this Order upon Debtor and all parties who filed a notice of appearance in this case.



**Dated: January 29, 2021**
**Central Islip, New York**

_____
**Alan S. Trust**
**Chief United States Bankruptcy Judge**